FARRINGTON v. FARMERS' LOAN & TRUST CO.

(Supreme Court, General Term, Second Department. December 12, 1892.)

RIGHT TO COSTS—ACTION AGAINST TRUSTEE.

Where an executor demands from a trustee of his testator securities held by the latter for the testator, and exhibits to the trustee a certificate of the surrogate, showing that he is such executor, and the trustee refuses to deliver the securities until there has been an accounting in court, the executor, upon obtaining judgment against the trustee for the delivery of the securities, is entitled to judgment for costs.

Appeal from special term, Dutchess county.

Action by Walter Farrington, as executor of Catharine C. McIntosh, deceased, against the Farmers' Loan & Trust Company. Plaintiff obtained judgment. Defendant appeals. Affirmed.

Argued before DYKMAN and PRATT, JJ.

Turner, McClure & Rolston, (David McClure, of counsel,) for appellant. George Card, for respondent.

DYKMAN, J. The defendant became a trustee of Catharine C. McIntosh, and, as such, held certain securities at the time of her death. The plaintiff is the executor of Miss McIntosh, and, as such, requested a delivery of the securities to him by the defendant. The defendant declined to make such delivery until there had been an accounting in court. This action was then commenced to compel a delivery of the securities by the defendant to the plaintiff. The plaintiff obtained a judgment in his favor, with costs, and now the defendant has appealed from that portion of the judgment which awards costs to the plaintiff and fails to allow costs to the defendant.

Prior to the commencement of the action, the plaintiff called at the office of the company, and had an interview with the secretary; exhibited to him a certificate of the surrogate that he was the executor of Miss McIntosh, and demanded a delivery of the securities held by the company for her. The secretary declined to make the delivery until there had been an accounting in the court. This action was thereupon commenced. The position of the defendant cannot be maintained. There was no necessity for an accounting. There was no dispute between the parties respecting the account of the defendant or the securities in its possession. The plaintiff was ready to take the securities as they were,

and it was the duty of the defendant to deliver them at once to the plaintiff upon his demand.    As the company was thus placed in the wrong, the plaintiff was entitled to the costs of the action he commenced to obtain the securities.    The judgment should be affirmed, with costs.